UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Shaun Goodheim,

Plaintiff

v.

Warden Oliver,

Defendant

Case No. 2:25-cv-01454-CDS-DJA

**Screening Order**

Plaintiff Shaun Goodheim, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis.* ECF Nos. 1-1, 1. I will first address Goodheim's application to proceed *in forma pauperis* and then screen his complaint under 28 U.S.C. § 1915A.

## I. Application to proceed *in forma pauperis*

Goodheim's application to proceed *in forma pauperis* (ECF No. 1) is granted.[1] Based on the information regarding Goodheim's financial status, I find that Goodheim is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Goodheim will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II. Screening standard

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

[1] On June 3, 2026, the Magistrate Judge denied Goodheim's application to proceed *in forma pauperis* for prisoners as moot because he was no longer incarcerated. ECF No. 5. That order came back as undeliverable because Goodheim had been paroled and he had not provided the court his updated address. ECF No. 6. However, Goodheim subsequently provided an updated address indicating that he is once again incarcerated. ECF No. 11. In light of the fact that Goodheim is again incarcerated, I accept Goodheim's previously filed application to proceed *in forma pauperis* for inmates.

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While

the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III. Screening of complaint**

In the complaint, Goodheim sues defendants Warden Oliver, Christensen, McNally, and John Doe Property Officer for events that took place during his incarceration in NDOC custody. ECF No. 1-1 at 1. Goodheim brings four counts and seeks monetary relief. *Id.* at 2–7.

Goodheim alleges that whenever NDOC officials confiscate an inmate's property they are required to give the inmate three options: appeal the confiscation, pay to mail the property home, or have the property destroyed. *Id.* at 2. After NDOC officials confiscated some of Goodheim's property, he appealed the confiscation. But the NDOC officials destroyed his property anyway. *Id.*

Specifically, when Goodheim was transferred from Casa Grande, eventually ending up at High Desert State Prison, his property was supposed to come with him. *Id.* at 3. Instead, he received a form stating that most of his property had been confiscated. *Id.* Warden Oliver is implicated in the confiscation because his officers failed to follow Nevada Revised Statutes. *Id.* For example, they destroyed Goodheim's social security card and identification, even though NDOC is required to take care of sensitive documents. *Id.*

Defendant Christensen oversees operations at Casa Grande, and he was responsible for ensuring that Goodheim's property traveled with him. *Id.* at 4. But he failed to properly supervise his staff and allowed officers, such as defendant McNally, to improperly confiscate Goodheim's property. *Id.* at 4-5. Goodheim notes that he received two left shoes, and he believes this shows that McNally was acting in bad faith and out of spite, rather than making an honest attempt to follow regulations regarding confiscation of inmate property. *Id.* at 5.

At some point Goodheim's property was destroyed. *Id.* at 6. The officer in charge of property at Casa Grande stated that the property had been destroyed because it had been two years since it was confiscated. *Id.* But Goodheim filed an appeal of the confiscation within a month. *Id.* And less than a year and six months after the confiscation Goodheim asked to have the property mailed home at his own expense. *Id.* Goodheim's property should not have been destroyed until after the appeal was completed, and it should never have been destroyed after Goodheim requested to mail the property home at his own expense. *Id.* Furthermore, most of the property was clearly allowed under NDOC policy, including his social security card, which never should have been destroyed under any circumstances. *Id.*

Based on these allegations, Goodheim brings a due process claim under the Fifth Amendment. *Id.* at 3–6. Goodheim also notes at various points in the complaint that the Defendants violated state law. *Id.* at 3. I will first consider Goodheim's due process claim and then address any potential state law claims.

**A. Due process claims**

Goodheim attempts to raise a Fifth Amendment due process claim in this case. (ECF No. 1-1 at 6). However, Goodheim's due process claim against state prison officials is grounded in the Fourteenth Amendment rather than the Fifth Amendment. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.") As such, I dismiss Goodheim's Fifth Amendment due process claim with prejudice. I will instead analyze Goodheim's due process claim under the Fourteenth Amendment.

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

I find that Goodheim fails to state a colorable due process claim. Goodheim speculates that the confiscation and/or destruction of his property was done in bad faith. But whether it was due to bad faith or negligence, either way, it is clear from the allegations in the complaint that the deprivation was not carried out pursuant to established state procedures and statutes. The State of Nevada provides Goodheim with a meaningful post-deprivation remedy for this type of loss. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). As such, Goodheim cannot state a colorable due process claim, and I dismiss this claim with prejudice, as amendment would be futile. Goodheim must pursue his available state remedies in state court.

**B. State law claims**

In civil actions in which federal district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Goodheim does not explicitly bring any state law claims in this case. However, because he references the defendants violating state law, I note that I would not have jurisdiction over any state law claims even if he were trying to bring such claims. I have dismissed Goodheim's constitutional claims with prejudice. Therefore, I do not have jurisdiction over any related state law claims.

**IV. Conclusion**

I order that plaintiff Shaun Goodheim's application to proceed *in forma pauperis* [ECF No. 1] without having to prepay the full filing fee is granted. Pursuant to 28 U.S.C. § 1915, the full filing fee will still be due even though this action is being dismissed and is unsuccessful.

I order that that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Shaun Goodheim, #89675** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

I order that the clerk of the court is directed to file Shaun Goodheim's complaint (ECF No. 1-1) and send Goodheim a courtesy copy of the complaint.

I order that Goodheim's deprivation of property claims under the Fifth and Fourteenth Amendments are dismissed with prejudice as amendment would be futile.

I order that to the extent that Goodheim was trying to bring any state-law claims, those claims are dismissed without prejudice, but without leave to amend due to a lack of jurisdiction.

I order that because there are no remaining claims pending, the complaint is dismissed in its entirety without leave to amend.

I certify that any in forma pauperis appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated: August 3, 2026

Cristina D. Silva
United States District Judge